UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Douglas A. Kelley, in his capacity as the Trustee of the PCI Liquidating Trust,<br><br>     Plaintiff,<br><br>v.<br><br>Westford Special Situations Master Fund, L.P.; Westford Global Asset Management, Ltd.; Westford Special Situations Fund, Ltd.; Westford Special Situations Fund, L.P.; Westford Asset Management, LLC; Epsilon Global Master Fund, L.P.; Epsilon Global Active Value Fund, Ltd.; Epsilon Global Active Value Fund I-B Ltd.; Epsilon Global Active Value Fund, L.P.; Epsilon Global Master Fund II, L.P. a/k/a Epsilon Global Master Fund II, L.P., Sub 1; Epsilon Global Active Value Fund II, Ltd., f/k/a Westford Investment Fund Ltd.; Epsilon Global Active Value Fund II-B Ltd.; Epsilon Global Active Value Fund II-G Ltd.; Epsilon Global Active Value Fund II, L.P.; Epsilon Global Active Value Fund II-B, L.P.; Epsilon Global Active Value Fund II-G, L.P.; Epsilon Global Asset Management, Ltd.; Epsilon Investment Management, LLC; Epsilon Structured Strategies Master Fund, L.P., f/k/a Epsilon Global Master Fund III – Structured Strategies, L.P.; Epsilon Global Active Value Fund III Ltd.; Stafford Towne, Ltd.; and Steve Goran Stevanovich,<br><br>     Defendants. | No. 19-cv-1073 (KMM/JFD)<br><br><br><br><br><br><br><br>**ORDER** |

    This matter is before the Court on Defendants' Motion for Stay of Enforcement of

Judgment. Dkt. No. 309. Specifically, Defendants seek an Order staying enforcement of the

judgment in this matter pending appeal and waiver of the requirement of posting a supersedeas bond.

## BACKGROUND

Plaintiff Douglas A. Kelley, Trustee of the Petters Company, Inc. ("PCI") Liquidating Trust, brought this adversary case in Bankruptcy Court for the District of Minnesota seeking to avoid and recover money transfers made to Defendants by PL Ltd. and PCI, entities controlled by Thomas J. Petters. The Trustee commenced this adversary case in October 2010, and the case was transferred to this Court on April 19, 2019. The litigation in this Court lasted several years, including periods when the case was stayed as the parties attempted to resolve the matter through settlement, delays due to the health of Defendant Steve G. Stevanovich, and complications due to the withdrawal of Defendants' previous attorneys.

Eventually, subject to the reservation of the rights to contest this Court's ruling on the Trustee's "law of the case" motion, the parties stipulated to a bench trial on the validity of the Defendants' good-faith defense to the Trustee's avoidance claims. On November 13, 2024, the Court entered its Findings of Fact and Conclusions of Law. Dkt. No. 287. The Court found that the Trustee had established the elements of the fraudulent-transfer claims, and Defendants did not meet their burden to establish the affirmative defense that they received the transfers in good faith. Dkt. No. 287. The Court found that the following Defendants were liable in the following amounts: $87,601,542 against Epsilon Global Master Fund, L.P.; $120,264,648 against Epsilon Global Master Fund II, L.P.; $62,533,470 against Westford Special Situations Master Fund, L.P.; $4,358,245 against Epsilon Structured Strategies Master Fund, L.P.; $59,261,441 against Steve G. Stevanovich; $3,374,256 against Epsilon Investment Management, LLC; $11,256,277 against Westford Asset Management, LLC; $36,269,768 against Epsilon Global Asset Management, Ltd.;

and $8,361,139 against Westford Global Asset Management, Ltd. On May 2, 2025, the Court found that the Trustee was entitled to an award of prejudgment interest, and entered an Order Directing Entry of Judgment by the Clerk of Court. Dkt. No. 304. On May 5, 2025, the Clerk of Court entered Judgment. Dkt. No. 305.

Defendants filed a motion for a new trial on May 30, 2025, Dkt. No. 306, and the parties subsequently agreed to a briefing schedule that was adopted by the Court, Dkt. No. 318. At the same time they filed their new trial motion, Defendants filed the motion seeking a stay of enforcement of the Judgment and a waiver of supersedeas bond. Dkt. No. 309. That motion was fully briefed on June 6, 2025.

## DISCUSSION

Unless a court orders otherwise, execution on a judgment is automatically stayed for 30 days after the judgment is entered. Fed. R. Civ. P. 62(a). In addition to this automatic stay, if a judgment debtor posts a bond or other security, that party may obtain a stay of execution at any time after entry of judgment. Fed. R. Civ. P. 62(b).[1] This means that "an appellant may obtain a stay of [a] money judgment during the pendency of the appeal as a matter of right by posting an adequate supersedeas bond." *Estate of Snyder v. Julian*, No. 1:11-cv-24-LMB, 2014 WL 668191, at *1 (E.D. Mo. Feb. 20, 2014) (quoting *United States v. Mansion House Ctr. Redev. Co.*, 682 F. Supp. 446, 449 (E.D. Mo. 1988)). "Courts in this District generally require the bond to be set 'in the full amount of the judgment plus interests, costs, and damages for delay.'" *Willis Elec. Co., Ltd. v. Polygroup Ltd.*, 2024 WL 1653709, at *1 (D. Minn. Apr. 17, 2024) (quoting *Adzick v. Unum*

---

[1] "Subdivision 62(b) carries forward in modified form the supersedeas bond provisions of former Rule 62(d)." Fed. R. Civ. P. 62, advisory committee notes—2018 amendment.

3

*Life Ins. Co. of Am.*, No. 99-cv-808 (JRT/FLN), 2003 WL 21011345, at *1 (D. Minn. Apr. 16, 2003)).

District courts have discretion "to waive the bond requirement and stay enforcement of the judgment without a bond." *Global Traffic Techs., LLC v. Morgan*, No. 10-cv-4110 (ADM/JJG), 2014 WL 3513149, at *1 (D. Minn. July 16, 2014). In deciding whether to waive the supersedeas bond requirement, courts consider the following factors:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place the other creditors of the defendant in an insecure position.

*Id.* The party seeking the stay has the burden "to convince the Court to depart from the usual requirement of a full supersedeas bond." *Id.*; *see also Krekelberg v. Anoka Cnty.*, 439 F. Supp. 3d 1143, 1163 (D. Minn. 2020), *vacated in part on other grounds, remanded sub nom. Krekelberg v. City of Minneapolis*, 991 F.3d 949 (8th Cir. 2021).

Defendants argue that the Court should grant their request for a stay of execution of the Judgment pending appeal and waiver of the supersedeas bond because they lack the assets to either post a sufficient bond or to ultimately pay any significant portion of the Judgment. They contend that: (1) the Master Funds have only modest assets in the form of ownership interests in two private, non-revenue-producing companies; (2) the Management Companies have no assets and are judgment proof; and (3) Mr. Stevanovich's only available asset is an art collection worth approximately $100,000. Defs.' Mem. 7–9, Dkt. No. 310; Stevanovich Decl. ¶¶ 5–11. In addition, Mr. Stevanovich declares that three of the four Master Funds have been unable to satisfy a stipulated judgment entered against them in an adversary proceeding in the Southern District of

4

New York; in fact, because the prospects of collection against those defendants appeared "bleak," the court granted the plan administrator's motion to terminate the receivership. Stevanovich Decl. ¶¶ 7–9.

The Court finds that Defendants have failed to satisfy their burden to obtain a stay of the execution of the judgment pending appeal and waiver of the bond requirement. Defendants aver only that they are unable to pay any judgment due to their precarious (indeed destitute) financial position. But nothing in their submission suggests that requiring them to post a bond to obtain a stay of execution of the Judgment "would jeopardize other creditors." *Willis Elec.*, 2024 WL 1653709, at *2.

Rather, Defendants suggest that they should not be required to post a bond simply because they cannot. But this fact weighs against the relief sought. Courts tend to waive the bond requirement based on a conclusion that a judgment debtor is in such a financially secure position that there is no reasonable likelihood a judgment creditor will end up unable to collect after the appeals process is completed. In that situation courts have found posting a bond would be unnecessary. *See, e.g.*, *Krekelberg*, 439 F. Supp. 3d at 1163 & n.6 (granting judgment debtor's request for a waiver of the bond requirement where its solid credit ratings, detailed information regarding its operating budget, and its contingency and self-insurance funds all showed that it would be able to pay and plaintiff's interest in collection was secured); *Estate of Snyder*, 2014 WL 668191, at *2; 11 Charles A. Wright & Arthur R. Miller, Fed. Prac. & Proc., *Stay Upon Appeal*, § 2905 & n.16 (3d ed. May 21, 2025 update) (stating that courts will exercise their discretion to waive the bond requirement "when they are satisfied that the judgment debtor has sufficient funds to pay if the judgment is affirmed and there will be no delay in doing so" and collecting cases).

Not only do Defendants cite no authority holding that a judgment debtor's inability to pay weighs in favor of waiving the bond requirement, but many courts have reached the opposite conclusion. *Global Traffic Techs.*, 2014 WL 3513149, at *3 ("Defendants' current representations that they are unable to satisfy the judgment 'counsels not in favor of an unsecured stay but, instead, in favor of a stay only upon the posting of adequate security.'") (quoting *Slip N' Slide Records, Inc. v. TVT Records, LLC*, No. 05-21113, 2007 WL 1098751 (S.D. Fla. Apr. 8, 2007); *Lewis v. United Joint Venture*, No. 1:07-cv-639, 2009 WL 1654600 (W.D. Mich. June 10, 2009); *Avirgan v. Hull*, 125 F.R.D. 185, 187 (S.D. Fla. 1989); Wright & Miller, § 2905 & n.18 (stating that "the bond requirement will not be waived solely on the basis that it will pose a severe financial hardship on the appellant unless some other form of security is offered" and citing cases in the footnote).

Moreover, Defendants make no showing that the relevant factors described above weigh in favor of their request to waive the bond requirement. For example, Defendants leave unaddressed any concerns about the complexity of the collection process, and the Trustee has reasonably explained why efforts at collection are unlikely to be simple. Pl.'s Opp'n 4–6, Dkt. No. 315; Decl. of Igor Margulyan ¶ 3 & Ex. A, Dkt. No. 316. Further, Defendants do not address how the amount of time required to resolve the appeal supports waiver and the record provides no basis for the Court to have confidence in the availability of funds to pay the judgment. Indeed, Defendants have gone to demonstrate the opposite. While this may ultimately mean that Defendants are correct that the Trustee "cannot squeeze blood from a stone," Defs.' Mem. 13, they provide no reason why that reality should allow them to obtain a stay of execution of the judgment without posting a supersedeas bond.

Mr. Stevanovich also argues that he "always has the option to declare personal bankruptcy if the Trustee attempts to enforce the judgment against him," and "[d]oing so would trigger an

6

automatic stay under 11 U.S.C. § 362 . . . leaving the Trustee as an unsecured creditor of a dischargeable judgment debt." Defs.' Mem. 12. However, nothing before the Court suggests Mr. Stevanovich has filed for personal bankruptcy, nor has he stated that he intends to do so. This argument essentially asks the Court to adopt a bankruptcy stay without requiring Mr. Stevanovich to actually engage in the bankruptcy process.

Finally, the Court finds the alternative security proposed by Defendants—the Master Funds' remaining ownership interests in two private companies and Mr. Stevanovich's art collection—are insufficient to provide any security for the Trustee's ability to collect if the Judgment is affirmed on appeal. *Eckerberg v. Inter-State Studio & Publ'g Co.*, No. 14-4176-CV-C-MJW, 2016 WL 9459301, at *1 (W.D. Mo. Mar. 28, 2016) ("A bond for a nominal amount does nothing to serve the rational of Fed. R. Civ. P. 62(d) and the purpose of supersedeas bonds—to protect the Plaintiff's interests in exchange for the delay in executing the judgment.").

## ORDER

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' Motion for Stay of Enforcement of Judgment (Dkt. No. 309) is **DENIED**.

Date: July 28, 2025                                  *s/Katherine Menendez*
                                                     Katherine Menendez
                                                     United States District Judge