UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Douglas A. Kelley, in his capacity as Trustee of the PCI Liquidating Trust, | No. 19-cv-1073 (KMM/JFD) |
| Plaintiff, | |
| v. | |
| Westford Special Situations Master Fund, L.P.; Westford Global Asset Management, Ltd.; Westford Special Situations Fund, Ltd.; Westford Special Situations Fund, L.P.; Westford Asset Management, LLC; Epsilon Global Master Fund, L.P.; Epsilon Global Active Value Fund, Ltd.; Epsilon Global Active Value Fund I-B Ltd.; Epsilon Global Active Value Fund, L.P.; Epsilon Global Master Fund II, L.P. a/k/a Epsilon Global Master Fund II, L.P., Sub 1; Epsilon Global Active Value Fund II, Ltd., f/k/a Westford Investment Fund Ltd.; Epsilon Global Active Value Fund II-B Ltd.; Epsilon Global Active Value Fund II-G Ltd.; Epsilon Global Active Value Fund II, L.P.; Epsilon Global Active Value Fund II-B, L.P.; Epsilon Global Active Value Fund II-G, L.P.; Epsilon Global Asset Management, Ltd.; Epsilon Investment Management, LLC; Epsilon Structured Strategies Master Fund, L.P., f/k/a Epsilon Global Master Fund III – Structured Strategies, L.P.; Epsilon Global Active Value Fund III Ltd.; Stafford Towne, Ltd.; and Steve Goran Stevanovich; | |
| Defendants. | |

**ORDER ON DEFENDANTS' MOTION FOR A NEW TRIAL**

This matter is before the Court on Defendants' Motion for a New Trial. (Dkt. No. 306.) Under Rule 59 of the Federal Rules of Civil Procedure, following a nonjury trial, a district court

may grant a motion for a new trial "on all or some of the issues." Fed. R. Civ. P. 59(a)(1)(B). District courts have discretion to decide whether to grant such a motion. *Walzer v. St. Joseph State Hosp.*, 231 F.3d 1108, 1111 (8th Cir. 2000) (citing *McDonough Power Equip. v. Greenwood*, 464 U.S. 548 (1984)). Courts will grant a new trial when the first "resulted in a miscarriage of justice" due to "a verdict against the weight of the evidence, an excessive damage award, or legal errors. . . ." *Argus Leader Media v. United States Dep't of Ag.*, No. 4:11-cv-4121-KES, 2020 WL 1557295, at *2 (D.S.D. Apr. 1, 2020) (quoting *Gray v. Bicknell*, 86 F.3d 1472, 1480 (8th Cir. 1996); *see also Ofor v. Ocwen Loan Serv., LLC*, No. 09-cv-1402 (PAM/JJG), 2010 WL 11561267, at *1 (D. Minn. July 22, 2010)). A court should not easily "set aside that which it has previously decided unless convinced that failure to revisit the earlier decision would work a manifest injustice," and a motion for a new trial "is not a vehicle for relitigating old issues or otherwise taking a second bite at the apple." *Ashraf-Hassan v. Embassy of France*, 185 F. Supp. 3d 94, 112 (D.D.C. 2016) (quoting *Barnes v. Alves*, 304 F.R.D. 363, 366–67 (W.D.N.Y. 2015)) (cleaned up).

The Defendants' motion for a new trial is denied. Defendants have not shown that the trial resulted in a miscarriage of justice. Instead, they attempt to use the motion for a new trial for a second bite at the apple regarding the Court's conclusion that Judge Kischel's Substantive Consolidation Order settled numerous factual questions that did not need to be revisited through a trial on the Trustee's avoidance claims. On September 12, 2022, the Court issued an Order granting, in large part, the Trustee's "Law of the Case" motion, consistent with its ruling from the bench during a hearing just a few days earlier. (Min. Entry, Dkt. No. 126; Order, Dkt. No. 127; Tr. of Hr'g, Dkt. No. 131.)

Defendants argue that the Court should vacate the judgment entered and order a new trial because the Court erred in applying the law-of-the-case doctrine, thereby depriving Defendants of

2

due process and improperly narrowing the issues for trial. However, except for one issue explored below, the Court finds that Defendants merely rehash the same arguments they raised in opposition to the Trustee's "Law of the Case" motion earlier in this proceeding. None of these renewed arguments convinces the Court that its prior decision was in error.

The only argument that the Court has not previously addressed is Defendants' claim that they were deprived of due process because they did not have the opportunity to litigate several issues in this case as a result of the Court's September 12, 2022 Order. Defendants' due process claim is unconvincing because they cannot demonstrate that they had no opportunity to be heard at a meaningful time and in a meaningful way in connection with Judge Kischel's Substantive Consolidation Order. *Wong v. Minn. Dep't of Human Servs.*, 820 F.3d 922, 935 (8th Cir. 2016) (discussing the requirements of due process and citing *Matthews v. Eldridge*, 424 U.S. 319, 333 (1976)). Judge Kischel held a three-day trial on the merits of the Trustee's motion to substantively consolidate the estates of Petters Companies, Inc. and other special purpose entities, including the SPE that was involved in the vast majority of the transactions involving Defendants. Defendants were parties to those proceedings. They were represented by counsel. They participated in the trial, filed briefing on the issues, had a chance to call and question witnesses, including several experts, and they had the opportunity to cross-examine witnesses. Mr. Stevanovich also testified at the trial. It strains credulity for Defendants to argue now that they were deprived of due process because they were not given an opportunity to contest issues that were addressed by the Substantive Consolidation proceedings. That is especially true given that, at this Court's September 9, 2022 hearing, Defendants could not identify facts they would plan to develop at the trial on almost all the issues presented in the Trustee's "Law of the Case" motion. (*See* Dkt. No. 131 at 23–24, 26–

27, 27–30, 39, 65–70 (admitting lack of evidence to contest relevant findings in the Substantive Consolidation Order or otherwise conceding issues did not need to be litigated).)

Accordingly, Defendants' motion for a new trial (Dkt. No. 306) is **DENIED**.

Date: October 2, 2025
*s/Katherine Menendez*
Katherine Menendez
United States District Judge